<hr/>

## John Loftus et al. v. Stella Hamilton, by Her Next Friend.

1. DRAM-SHOPS—*Keeper Liable to Child Deprived of Support through Liquors Sold to the Father.*—A child dependent for support on a father who commits a crime while intoxicated has a cause of action against the dram-shop keeper who furnished the liquor, provided the intoxication be the efficient cause of the crime, and a conviction for the crime deprives the child of its means of support. The vital question in such a case is, did the intoxication cause the man to commit the crime? If it did then the dram-shop keeper is liable, whether the child was

deprived of its means of support by conviction of the father and his incarceration in the penitentiary or by his flight from the country to avoid that punishment.

**Prosecution Under the Dram-Shop Act.**—Appeal from the Circuit Court of Champaign County; the Hon. Francis M. Wright, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

Royal Wright and S. Philbrick, attorneys for appellants.

John J. Rea and T. J. Smith, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

Appellee, a girl twelve years of age, brought this suit, by next friend, against appellants, saloonkeepers at Champaign, Illinois, to recover for injury to her person and means of support caused by the intoxication of her father from liquor sold to him by appellants. There was a trial by jury resulting in a verdict and judgment in her favor for $50.

The evidence shows that appellee's father, William Hamilton, was a railroad section foreman and when sober was capable of earning and did earn $60 per month. He was the only means of support for appellee and two other small children. For a year or two prior to the 11th of November, 1899, he was frequently seen about the saloons of appellants and frequently became intoxicated. While in that condition he squandered his money and abused and beat his children. While in a state of intoxication on that day he made a criminal assault upon a young lady of Champaign, whereupon, to avoid criminal prosecution or through fear of violence, he left home and has remained away ever since. He has not been seen or heard from since then by any member of his family.

Appellants denied selling Hamilton any liquor whatever, and in corroboration of their testimony introduced winesses who stated that they had seen Hamilton refused liquor at the bars of appellants. It is also contended by them that Hamilton's leaving home and withdrawing support from appellee was not due to his intoxication but

because he had committed a crime of which he desired to avoid prosecution. Those two points of contention are vigorously urged here as ground for reversal. With reference to the first point, it is sufficient to state that there was evidence abundant to support a finding that Hamilton procured liquor at the saloons of appellants and did so frequently within two years prior to his departure. Not only did witnesses testify to seeing him procure liquor at both places but he was frequently seen " hanging about " there. Men in the habit of becoming intoxicated frequent places where they may procure liquor—not places where it is denied them.

Independent of the fact that Hamilton, by reason of his intoxication, committed a crime and absconded, thereby withdrawing support from appellee, the evidence shows that she was injured, not only in her means of support, but in her person by the brutal acts of her father while drunk, far above the meager amount allowed by the jury. On one occasion he beat her with an ax handle, using such violence that a neighbor was compelled to interfere and take the child home with him. We do not wish to be understood as intimating that appellee is not entitled to damages for loss to her means of support occasioned by her father committing a crime while under the influence of liquor and fleeing the country. A child dependent for support on a father who commits a crime while intoxicated has a cause of action against the dram-shop keeper who furnished the liquor provided the intoxication be the efficient cause of the crime and a conviction for the crime deprives the child of its means of support. The vital question in such a case is, did the intoxication cause the man to commit the crime? If it did, then the dram-shop keeper is liable, whether the child was deprived of its means of support by conviction of the father and his incarceration in the penitentiary or by his flight from the country to avoid that punishment.

We see no error in the record, either in the rulings upon evidence or in instructions, of which appellants have a right

to complain.    The only substantial error we see is the one committed by the jury in allowing appellee the paltry sum of fifty dollars damages.

Judgment affirmed.

Mr. Presiding Justice WRIGHT took no part.